UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL HUTCHINS,<br><br>Plaintiff,<br><br>v.<br><br>UNKNOWN ONSTOTT,<br><br>Defendant. | Case No. 26-cv-12560<br><br>Honorable Robert J. White |

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

Daniel Hutchins is incarcerated with the Michigan Department of Corrections. He commenced this 42 U.S.C. § 1983 First Amendment retaliation action against an MDOC corrections officer with the last name of Onstott. The complaint alleges that Onstott issued Hutchins a falsified misconduct ticket in retaliation for a lawsuit that Hutchins previously filed against MDOC officials.

Before the Court is Hutchins's *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

To establish a First Amendment retaliation claim, the plaintiff must demonstrate that (1) he engaged in conduct protected under the First Amendment, (2) he suffered an adverse action "that would deter a person of ordinary firmness from continuing to engage in that conduct," and (3) "the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

Hutchins cannot plausibly demonstrate that he suffered an adverse action, *i.e.*, the second prong. Misconduct tickets that are subsequently dismissed or withdrawn do not constitute adverse actions under a First Amendment retaliation theory. *See Jackson v. Hamlin*, 61 F. App'x 131, 133 (6th Cir. 2003) (no adverse action under the First Amendment where the inmate's "misconduct conviction was overturned on appeal and no sanctions were imposed."); *see also Bey v. Alcodray*, No. 17-1945, 2018 U.S. App. LEXIS 8549, at *8-9 (6th Cir. Apr. 3, 2018) (finding no clearly established precedent that a dismissed misconduct charge qualifies as an adverse action necessary to sustain a First Amendment retaliation claim); *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) ("A single retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis of a § 1983 action.").

The complaint alleges that Onstott issued a retaliatory misconduct ticket to Hutchins and that prison officials subsequently dismissed the charge. (ECF No. 1, PageID.4). Nor does Hutchins maintain that he suffered any adverse consequences stemming from the ticket's issuance. As a result, the May 31, 2025 misconduct ticket provides an inadequate basis for asserting a First Amendment retaliation claim. Accordingly,

IT IS ORDERED that Hutchins's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Hutchins may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: July 31, 2026

s/ Robert J. White
Robert J. White
United States District Judge